IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, January 24, 2007

**ANTWAN ANGLIN v. SERGEANT LEROY TURNER, WARDEN, JIM WORTHINGTON, BOTH BRUSHY MOUNTAIN REGIONAL CORRECTIONAL FACILITY (SITE 2) AND GEORGE LITTLE, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF CORRECTIONS**

**Direct Appeal from the Circuit Court for Morgan County**
**No. 03-CV-316     Hon. Russell Simmons, Circuit Judge**

**No. E2006-01764-COA-R3-CV  - FILED MARCH 28, 2007**

Prisoner filed Petition for a writ of certiorari.  The Trial Court refused to issue the writ.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Antwan Anglin, Only, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Report, and Kellena Baker, Nashville, Tennessee, for appellees.

**OPINION**

Petitioner, a prisoner at Brushy Mountain Correctional Complex, filed this action in Circuit Court in the form of a Petition for a Writ of Certiorari, naming Sergeant Leroy Turner, Warden Jim Worthington, Commissioner George Little of TDOC, and TDOC as respondents.

Petitioner alleged that his cell was "shaken down", and that the guards allegedly found "several packets of what appeared to be marijuana in a jar." (Quoting from the disciplinary report filed by the guards.)  Petitioner alleged that he pleaded not guilty to the disciplinary violation,

and a hearing was held before Sergeant Leroy Turner three days after the charge. The Petition states that the hearing officer relied on the testimony of the guards, who testified that marijuana was found in petitioner's cell, but he asserted that there was no evidence submitted that the substance was actually tested and confirmed to be marijuana. The Petition argues that due process required that the substance be produced and tested before he could be found guilty, but the Warden affirmed the decision, finding him guilty of the charge.

Respondents filed a Motion To Dismiss, asserting that Petitioner had failed to state a claim for issuance of the Writ, and asserted that Petition had failed to allege facts sufficient to show the Board acted illegally, and that the Petitioner's due process rights had been violated.

The Court then entered an Order of Dismissal.

The Trial Court found that the issue to be decided was whether the Board exceeded its jurisdiction. The Court noted that the reporting officer testified that marijuana was found in Petitioner's cell, and Petitioner admitted that this occurred. The Court thus concluded there was evidence to support the inferior tribunal's decision, and the constitutional safeguards were satisfied. Further, the Court found that the sanctions imposed on Petitioner did not impose an atypical and significant hardship.

Petitioner raises these issues on appeal:

1.      Whether the trial court erred in dismissing petitioner's Petition for Writ of Certiorari?

2.      Whether petitioner's due process rights were violated?

As this Court has stated:

A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the court can determine whether that tribunal has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. The writ is not available as a matter of right; its grant or denial is within the sound discretion of the trial court, and will not be reversed on appeal unless there is abuse of that discretion.

Further, the scope of review under the common law writ of certiorari is very narrow. It does not involve an inquiry into the intrinsic correctness of the decision of the tribunal below, but only into the manner in which the decision was reached.

*Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)(citations omitted).

The Supreme Court has also held that the phrases "exceeding the jurisdiction" and "acting illegally", both refer to "actions by such inferior tribunal beyond, not within, its

jurisdiction". Further, the Court explained:

> Without undertaking to define that phrase of the statute with exactness or to say what it includes, we think it clear that the common-law writ, as distinguished from the statutory writ, or certiorari in lieu of appeal, may not be resorted to for the correction of technical or formal errors, not affecting jurisdiction or power, or for the correction of defects that are not radical, amounting to an illegality that is fundamental, as distinguished from an irregularity.

> * * *

> The writ has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction, and was therefore competent. Hence it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its appellate jurisdiction.

*Hoover Motor Exp. Co. v. Railroad & Public Utilities Comm.*, 261 S.W.2d 233, 236 (Tenn. 1953)(citations omitted).

Petitioner argues the Trial Court erred in dismissing his writ, relying on the case of *Willis v. Tenn. Dept. of Corrections*, 113 S.W.3d 706 (Tenn. 2003). In the *Willis* case, the petitioner who had been convicted of a disciplinary offense sought a writ of certiorari, alleging that the board acted illegally by failing to comply with essential legal requirements, including failure to give him notice of the charges against him, and failing to allow him to present exculpatory evidence at the hearing. *Id.* Defendant filed a Motion to Dismiss, which was granted. The Supreme Court, however, explained that when reviewing a dismissal under Tenn. R. Civ. P. 12.02(6), the factual allegations must be taken as true, and that because a motion to dismiss only tested the legal sufficiency of the petition, the Court should only grant the motion if the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Id.*

The Court went on to discuss the plaintiff's claims of lack of notice/lack of ability to introduce evidence, and stated that since these factual allegations had to be taken as true, and since, if true, these allegations would constitute actions in violation of the TDOC Uniform Disciplinary Procedures, the Trial Court erred in granting the Motion to Dismiss.

In this case, as noted, plaintiff only alleged that the substance taken from his cell was not shown to have been "tested and confirmed" to be marijuana, even though the guards who found same did testify that it was marijuana.

Plaintiff points to no policies or procedures, however, which would require the

-3-

physical evidence be presented at the hearing, or that the physical evidence be "tested and confirmed".  As Petitioner admitted, the hearing officer based his decision on the testimony of the guards who found the substance, and Petitioner has shown no requirement in the disciplinary procedures that a test had to be performed on the substance to corroborate the guards' testimony.  Taking petitioner's allegations as true, the allegations fail to establish that any policy or procedure was violated, and thus do not show that the Board acted illegally.  Petitioner seems to be asserting that the board acted on insufficient evidence, but as stated in *Hoover*, a writ "cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case".  The writ is simply employed to determine if the Board exceeded its jurisdiction.  Since petitioner has not alleged facts sufficient to show the Board exceeded its jurisdiction, the Trial Court properly dismissed the Petition.

Petitioner also alleges his due process rights were violated for the foregoing reasons.  But, as the Supreme Court also explained in *Willis*, Petitioner must show that the punishment he was given was sufficiently harsh to amount to the imposition of "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" in order to show that a liberty interest existed which required due process protection.  *Id., quoting Sandin v. Conner*, 115 S. Ct. 2293 (1995).  In this case, petitioner argues that the punishment of 10 days of segregation, and 6 months of denial of his right to receive visitors/packages, was atypical and a significant hardship.  As the Supreme Court observed in *Willis*, the *Sandin* Court found that 30 days of punitive segregation "was not a dramatic departure from the basic conditions of the prisoner's indeterminate sentence, and therefore, the prisoner was not entitled to due process protection." *Id.* at 711.  Likewise, the *Willis* Court found that a 30 day segregation was also not atypical or harsh in that case.  *Id.*

It follows that a 10 day segregation and limits on visitors/packages is not sufficiently harsh to be "atypical" of or a "significant hardship . . . in relation to the ordinary incidents of prison life."  *Id,* especially, since he was found guilty of possessing an illegal substance in his cell.  Moreover, he failed to show that he had a liberty interest that required due process safeguards.  Assuming *arguendo* he did have such a liberty interest, he did not establish a lack of due process in this instance.

We affirm the Trial Court's finding that Petitioner's constitutional rights have not been violated.

We affirm the Trial Court's dismissal of the Petition and assess the cost against Antwan Anglin.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-